UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MICHELLE GONZALES**                                **CASE NO. 2:20-CV-00642**

**VERSUS**                                           **JUDGE JAMES D. CAIN, JR.**

**GOLDEN NUGGET LAKE CHARLES LLC**                   **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Doc. 24) filed by Defendant Golden Nugget Lake Charles, LLC ("Golden Nugget"), wherein it asserts that Plaintiff Michelle Gonzales has not sufficiently established that an unreasonably dangerous condition existed causing her accident. Plaintiff opposes the motion. Doc. 29. Golden Nugget has replied. Doc. 32.

## I. BACKGROUND

This diversity action arises from an accident at the Golden Nugget Casino ("Casino") in Lake Charles, Louisiana, on June 5, 2019, where Plaintiff was staying as a guest when she sustained injuries caused by slipping and falling on a wet floor.[1] On June 4, 2019, Plaintiff traveled to the Casino, where she stayed as a patron.[2] On June 5, 2019, at 6:15 AM, Plaintiff purchased coffee from Starbucks, located inside the Casino.[3] Meanwhile, a Golden Nugget employee mopped the area directly in front of the exit to valet parking; this area lies directly around a blind corner from the main promenade

---

[1] Doc. 1, pp. 2–3.
[2] Doc. 30, p. 2.
[3] Doc. 24-2, p. 1; doc. 30, p. 2.

walkway, which is between the main promenade walkway and the exit.[4] Prior to mopping the aforementioned area, the Golden Nugget employee had placed the maintenance cart, which contained a large yellow trash bag and a yellow mopping bucket, on the carpeted, center promenade area, however, at some distance from the mopped area near the exit to valet parking.[5] One warning sign had been placed on the tile floor on the opposite side of the promenade from the mopped area near the exit to valet parking; this warning sign is even farther from the mopped area than the maintenance cart.[6] Two more signs had been placed in the vicinity, but beyond the mopped area by the exit to valet parking and away from the main promenade walkway.[7]

Thirty seconds after the Golden Nugget employee finished mopping the area by the exit to valet parking, Plaintiff entered the main promenade walkway, walking from Starbucks toward the exit to valet parking.[8] Plaintiff was carrying a container of four Starbucks drinks in her left hand, a mobile phone in her right hand, and she was wearing flip-flop/slip-on style sandal shoes.[9] Plaintiff began walking through the promenade on the center, carpeted area before veering onto the tile floor on the right side of the main promenade walkway in preparation to make the right turn toward the exit to valet parking.[10] The maintenance cart and a total of three warning signs were in place in the vicinity of the mopped area while Plaintiff traversed through the promenade.[11] Forty-six seconds after the

---

[4] Doc. 24-5, 1109_-_Riveted__Valet_PTZ_2, 0:29:12 (elapsed time).
[5] Doc. 24-5, 1109_-_Riveted__Valet_PTZ_2, 0:29:41 to 0:29:59 (elapsed time).
[6] *Id.*
[7] Doc. 29-1, p. 1.
[8] *Id.*
[9] *Id.*; doc. 24-5, 1109_-_Riveted__Valet_PTZ_2, 0:29:59 (elapsed time).
[10] Doc. 24-2, p. 1; doc. 24-5, 1109_-_Riveted__Valet_PTZ_2, 0:29:41 to 0:29:59 (elapsed time).
[11] Doc. 29-1, p.1; doc. 24-5, 1109_-_Riveted__Valet_PTZ_2, 00:29:12 to 0:30:04 (elapsed time).

Golden Nugget employee mopped the area near the exit to valet parking, Plaintiff, while walking on the tile floor, made a right turn—around the corner—toward the exit to valet parking and slipped.[12] No one, other than the Golden Nugget employee who mopped this area, had walked on the mopped surface near the exit to valet parking where the plaintiff slipped and fell.[13] No warning signs existed in Plaintiff's walking path that traversed the main promenade walkway from Starbucks to the fall area.[14] Plaintiff first sought medical treatment related to the fall on June 20, 2019.[15] On May 21, 2020, Plaintiff brought suit in this Court alleging damages sustained due to Golden Nugget's negligence.[16] Jury trial is set for June 12, 2023, at 9:00 AM.[17]

## II. LEGAL STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."

---

[12] *Id.* at 0:30:04 (elapsed time).
[13] *Id.* at 00:29:12 to 0:30:04 (elapsed time).
[14] *Id.*
[15] Doc. 24-2, p. 2.
[16] Doc. 1.
[17] Doc. 23.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Additionally, when the nonmovant bears the burden of proof at trial, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. **LAW & ANALYSIS**

The Louisiana Merchant Liability Statute governs this action. La. R.S. §2800.6 (2023). "A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty

includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id.* §2800.6(A). To establish negligence against Golden Nugget for damages because of the fall, Ms. Gonzalez must prove the following elements:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
>
> (3) The merchant failed to exercise reasonable care.

*E.g., White v. Wal-Mart Stores, Inc.,* 699 So. 2d 1081, 1084 (La. 1997).

Here, Golden Nugget argues that the mopped floor created no unreasonable risk of harm to Plaintiff and that Golden Nugget exercised reasonable care because three yellow warning signs, a large yellow maintenance cart, and the Golden Nugget employee who was mopping were all in her unimpeded view. Doc. 24-1, pp. 10, 13. Golden Nugget concedes that it had notice of the mopped floor. *Id.* Golden Nugget does not bear the burden of proof at trial, therefore, should it show that Plaintiff cannot establish a prima facie case for negligence under the Louisiana Merchant Liability Statute, it will be entitled to summary judgment. *See, e.g.*, *Celotex*, 477 U.S. at 322. Golden Nugget contends that the surveillance video shows that Plaintiff had view of the three warning signs, the employee mopping, and the maintenance cart, which proves Golden Nugget complied with the merchant requirement of providing "reasonable protective measures." Doc. 24-1, p. 14. Furthermore, Golden Nugget argues that it was Plaintiff's lack of awareness to the active mopping operation that caused her injury. *Id.*

The Court, however, has reviewed the surveillance video[18] in the record; it shows that the employee's yellow maintenance cart and one yellow warning sign, which adjacent to the mopped area from the maintenance cart, are in Plaintiff's view as she traversed the promenade. The second and third warning signs are outside the surveillance video's field of view. Also ascertainable from the surveillance video, the Golden Nugget employee who is mopping comes into Plaintiff's view just as she is turning the corner toward the wet/mopped area just prior to the exit. Moreover, the surveillance video shows that no warning sign was located in, or around, the Plaintiff's walking path from entry into the promenade to the wet/mopped area around the blind corner where she slipped and fell. Also, according to the surveillance video, the Plaintiff was the first patron to step on this specific wet/mopped area. Therefore, the Court finds that the surveillance video creates a genuine issue of material fact whether Golden Nugget failed to exercise reasonable care. Additionally, the surveillance video shows that the area where Plaintiff slipped was mopped approximately one minute prior to her fall. Accordingly, whether this particular mopped floor was sufficiently wet/saturated to constitute an unreasonable risk of harm, for which Golden Nugget has a duty to protect Plaintiff against, is a mixed question of law and fact to be determined at trial by the factfinder after the evidence is fully developed. In all, Golden Nugget has failed to show that Plaintiff cannot establish prima facie case for negligence under the Louisiana Merchant Liability Statute.

---

[18] Doc. 24-5, 1109_-_Riveted__Valet_PTZ_2.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Defendant's Motion for Summary Judgment (Doc. 24) will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 25th day of April 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**